

# THE ATTORNEY GENERAL
# OF TEXAS

**GERALD C. MANN**
~~VICE-WILKINSON~~
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-1561
Re: Vacancy in House of Representatives.

By your letter of October 10, 1939, you ask the opinion of this department upon the question whether, under the facts stated below, there is now a vacancy in Flotorial District, Tarrant and Denton counties, District No. 102-F.

It seems that on July 5, 1939, W. N. Corry, member of the House of Representatives from Flotorial District No. 102-F, tendered to you in writing his resignation, which was unconditional, and provided that it was to be effective immediately; that you did not accept same, but Mr. Corry was not advised by you that you objected to his resignation, his resignation being retained and filed in your office without objection; that shortly after filing his resignation with you, Mr. Corry accepted an appointment as Assistant Director of the Old Age Assistance Commission of this State from that body, and worked as such Assistant Director until September 1, 1939, the time at which, by legislative enactment, the administrative set-up of the Old Age Assistance Commission was changed; and that on October 11, 1939, Mr. Corry tendered to you a letter withdrawing his resignation. An independent investigation conducted by us in the Comptroller's office and the office of the State Treasurer indicates that for Mr. Corry's services as Assistant Director of the Old Age Assistance Commission for the months of July and August, 1939, the Comptroller drew a warrant for the sum of $242.00 to Mr. Corry for his services during the month of July, 1939, which was, being Warrant No. 107719, paid according to the records in the Treasurer's office on August 2, 1939. The Comptroller likewise drew a warrant to Mr. Corry for the sum of $300.00 for his services as Assistant Director of the Old Age Assistance Commission for the month of August, 1939, which was, being Warrant No. 115041, paid on September 5, 1939, according to the records of the State Treasurer's office.

It seems your inquiry arises from your desire to know whether you should act in pursuance to the provisions of Article III, Section 13, of our Constitution, which provides:

"When vacancies occur in either House,
the Governor, or the person exercising the power
of the Governor, shall issue writs of election
to fill such vacancies; and should the Governor
fail to issue a writ of election to fill any
such vacancy within twenty days after it occurs,
the returning officer of the district in which
such vacancy may have happened, shall be author-
ized to order an election for that purpose."

It is unnecessary, for the purposes of this opinion,
to determine whether in this State an unconditional resignation
to take effect immediately, delivered to the proper officer, is
effectual to create a vacancy without an overt acceptance there-
of by such officer. It is likewise unnecessary to determine
whether the place of Assistant Director of the Old Age Assis-
tance Commission is an "office" of emolument within the meaning
of Article XVI, Section 40, of our Constitution, so that the
acceptance and qualification therefor automatically vacated the
office of Legislator. We have reached the conclusion that there
exists a vacancy in Flotorial District No. 102-F upon other
grounds.

It is well settled that a public office may be abandoned
(34 Tex. Jur. 385; Steingruber vs. City of San Antonio, (Commis-
sion of Appeals) 220 S.W. 77). Abandonment may, according to the
authorities, be inferred from the acts and conduct of the officer,
and, of course, an abandonment of a legislative office creates a
vacancy therein requiring compliance with Article III, Section
13, of our Constitution.

Article II, Section 1, of our Constitution, provides:

"The powers of the Government of the
State of Texas shall be divided into three dis-
tinct departments, each of which shall be con-
fided to a separate body of magistracy, to-wit:
Those which are Legislative to one; those which
are Executive to another, and those which are
Judicial to another; and no person, or collec-
tion of persons, being of one of these depart-
ments, shall exercise any power properly attached
to either of the others, except in the instances
herein expressly permitted."

Article XVI, Section 33, of our Constitution provides:

"The accounting officers of this State
shall neither draw or pay a warrant upon the
Treasury in favor of any person, for salary or

compensation as agent, officer or appointee, who
holds at the same time any other office or posi-
tion of honor, trust or profit, under this State
or the United States, except as prescribed in this
Constitution.  Provided, that this restriction as
to the drawing and paying of warrants upon the
Treasury shall not apply to officers of the Nation-
al Guard of Texas, the National Guard Reserve,
the Officers Reserve Corps of the United States,
nor to enlisted men of the National Guard, the
National Guard Reserve, and the Organized Reserves
of the United States, or to retired officers of
the United States Army, Navy, and Marine Corps,
and retired Warrant Officers and retired enlisted
men of the United States Army, Navy,and Marine
Corps.  (Sec. 33, Article XVI, adopted election
November 8, 1932.)"

The acts and conduct of Mr. Corry evidence conclusive-
ly an abandonment of his legislative office.  He tendered to
Your Excellency in writing an unconditional resignation to take
effect immediately.  Thereafter, although Article II, Section 1,
of our Constitution, prohibits a person of the legislative branch
of the government from exercising powers properly belonging to
the executive branch, Mr. Corry accepted and exercised the power
and authority of an Assistant Director of the Old Age Assistance
Commission, in the executive branch of our government.  By so
doing he necessarily represented that he was no longer a member
of the legislative branch of our government.  His acceptance of
the appointment as Assistant Director in the Old Age Assistance
Commission necessarily involved a representation that he no
longer held his office (Terrell vs. King, 118 Tex. 237, 14 S.W.
(2d) 786) as Legislator.

Likewise, Mr. Corry's acceptance of salary or compen-
sation as an appointee of the Old Age Assistance Commission in
the capacity of Assistant Director necessarily involved the
representation that he was not disqualified, under Article XVI,
Section 33, from accepting such salary or compensation, for
Article XVI, Section 33, of our Constitution, would prevent pay-
ment of salary or compensation for his services as either Leg-
islator or as Assistant Director of the Old Age Assistance Com-
mission so long as he held both places.  (See opinion by the
Honorable C. M. Cureton, Reports and Opinions of the Attorney
General, 1912-1914, page 873.)  Upon the faith of the represen-
tations necessarily involved in Mr. Corry's acts and conduct,
the State was induced to compensate him for his services as Assis-
tant Director of the Old Age Assistance Commission.  Upon the
plainest principles of equity and public policy, Mr. Corry is
now estopped to assert that he had not vacated his office as

Legislator. It follows, of course, that Mr. Corry's attempted withdrawal, on October 5, 1939, of his resignation, is ineffective to restore to him the title to the legislative office, for an office once vacated may not be resumed at the will or pleasure of the officer. (46 C.J., p. 980; State vs. Murphy, 30 Nev. 409, 426, 97 Pac. 391, 720, 18 L.R.A. (N.S.) 1210.)

You are, therefore, advised that, in our opinion, there now exists a vacancy in Flotorial District No. 102-F, Tarrant and Denton counties, and that you should therefore proceed as required by the Constitution, Article III, Section 13.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/R. W. Fairchild
R. W. Fairchild
Assistant

RWF:FG:wc

APPROVED OCT 24, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman